**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4095**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TIMOTHY EARL WASHINGTON,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:08-cr-00416-PMD-1)

───────────

Submitted:  February 18, 2010      Decided:  February 23, 2010

───────────

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. Sean Kittrell, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Earl Washington appeals his conviction and resulting 180-month sentence after pleading guilty to being a felon in possession of a firearm and ammunition. Washington's counsel has filed an appeal under Anders v. California, 386 U.S. 738 (1967), raising the issues of whether the court complied with Fed. R. Crim. P. 11 in taking Washington's guilty plea, whether the mandatory minimum sentence of fifteen years under the Armed Career Criminal Act (ACCA) is cruel and unusual punishment, and whether Washington's sentence is reasonable. The Government declined to file a brief and Washington did not file a pro se supplemental brief. Finding no error, we affirm.

Counsel raised the issue of whether the district court fully complied with the requirements of Rule 11. Our review of the record leads us to conclude that the district court complied with the requirements of Rule 11 and ensured that Washington's guilty plea was knowing and voluntary and supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel also raised the issue of whether the mandatory minimum sentence of fifteen years under the ACCA is cruel and unusual punishment. However, a fifteen-year sentence under the ACCA is not cruel and unusual punishment and does not violate

2

the Eighth Amendment. United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995).

With respect to Washington's sentence, we review the sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, this court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. If the sentence is free from procedural error, this court then reviews it for substantive reasonableness. Id. at 51. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Even if this court would have imposed a different sentence, "this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 552 U.S. at 51). Further, "[a] statutorily required sentence . . . is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir.), cert.

denied, 129 S. Ct. 743 (2008). We conclude that the district court did not abuse its discretion in sentencing Washington.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Washington's conviction and sentence. This court requires that counsel inform Washington, in writing, of the right to petition the Supreme Court of the United States for further review. If Washington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Washington.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4